UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. VAUGHN, | No. 2:16-cv-2384 CKD P |
| Petitioner, | |
| v. | ORDER |
| ON HABEAS CORPUS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner challenges a prison disciplinary conviction for distribution of a controlled substance, for which he lost custody credits. He also alleges that prison staff seized his personal property in violation of state regulations. (ECF No. 1.)

First, petitioner's property claims are not cognizable on habeas review. A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976

1

Adoption.  Insofar as petitioner's claims do not relate to the duration of his confinement, they are not properly brought within this federal habeas action.

Second, Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error." Rule 4, Advisory Committee Notes, 1976 Adoption; see Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

An inmate's rights arising under federal law concerning disciplinary proceedings which result in the loss of good conduct sentence credit are, generally speaking, limited to the following:

1) Advance written notice of the charges;

2) An opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his or her defense;

3) A written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action; and

4) That the findings of the prison disciplinary board be supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

Here, the petition does not meet the pleading requirements of Habeas Rule 2(c) or show why petitioner's due process rights were violated under the above standard.

Accordingly, the court will summarily dismiss the petition.  Petitioner will be granted thirty days to file an amended petition that complies with Rule 2(c) and all other applicable rules. In any amended petition, petitioner should complete the court's form for initiating a habeas action, briefly state the factual and legal bases for his federal constitutional claims, and attach supporting documents as needed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition is dismissed without prejudice pursuant to Habeas Rules 2(c) and 4;

2. The Clerk of Court is directed to send petitioner a copy of the court's form for

commencing federal habeas actions;

    3. Petitioner is granted thirty days from the date of this order to file an amended petition as described above; and

    4. Petitioner's failure to timely file an amended petition will result in dismissal of this action.

Dated: October 21, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / vaug2384.R2(c)