UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. VAUGHN,<br><br>    Petitioner,<br><br>  v.<br><br>STUART SHERMAN,<br><br>    Respondent. | No. 2:16-cv-02384 JAM CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Currently pending before the court is respondent's motion to dismiss the petition based on the failure to exhaust state court remedies. ECF No. 29. Petitioner has filed an opposition as well as a formal motion requesting a stay and abeyance of the petition if the court finds that he has not properly exhausted his federal claims for relief. ECF Nos. 31, 35. Respondent has opposed the motion for a stay. ECF No. 38.

**I.    Factual Background**

In his first amended § 2254 application, petitioner challenges a 2014 CDCR disciplinary conviction for distributing a controlled substance that resulted in the loss of 151 days of good

---

[1] Also pending before the court is petitioner's motion for a court order granting him habeas relief as requested in his amended § 2254 petition. ECF No. 30. The court will deny this motion without prejudice as it is premature.

1

time credit, an 8 month term in the segregated housing unit ("SHU"), and a 3 year loss of visiting privileges. ECF No. 18 at 4. While petitioner specifically challenges his conviction on due process and Eighth Amendment grounds,[2] he generally argues that his conviction is improper because CDCR nursing staff was responsible for giving him the medication in pill form rather than crushing it and floating it in water. Id. at 4.

## II.     Motion to Dismiss

On July 27, 2017, respondent filed a motion to dismiss the habeas petition arguing that petitioner failed to exhaust his state court remedies prior to filing his amended habeas petition. ECF No. 29. Respondent contends that petitioner's general reference to "due process" in his state habeas corpus petition before the California Supreme Court was not sufficient to fairly present the federal constitutional nature of his claim to the state court.[3] ECF No. 29 at 2-3 (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996) and Casey v. Moore, 386 F.3d 896, 913 (9th Cir. 2004)).

In his opposition, petitioner asserts that he alerted the Sacramento County Superior Court, the California Court of Appeal, and the California Supreme Court to the federal nature of his claim by stating "[a]t my CDC-115 hearing I was not allowed my requested witnesses or even their statements." ECF No. 31 at 2. Petitioner attached a copy of his habeas corpus petition filed in the superior court as well as the court of appeal. Id. at 7-19. Noticeably absent was a copy of any habeas corpus petition filed in the California Supreme Court.[4]

////

---

[2] Petitioner asserts that the conviction lacks evidentiary support and that he was denied witnesses and documentary evidence at his disciplinary hearing all in violation of due process. He further contends that finding him guilty based on improper conduct by prison nursing staff constitutes cruel and unusual punishment.

[3] Respondent only raises the exhaustion issue with respect to petitioner's due process claims and not any Eighth Amendment claim raised in the amended § 2254 petition. However, the court's review of petitioner's state court habeas petitions reveals that this claim is also unexhausted for failing to fairly present the federal nature of it to the state court. In this respect, petitioner's amended § 2254 application is wholly unexhausted and not eligible for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

[4] Petitioner attached a copy of a habeas corpus petition filed in the California Supreme Court on June 1, 2015 to his amended § 2254 petition. See ECF No. 18 at 25-30. There is no mention of due process anywhere in this petition.

### III. Motion for a Stay

On December 13, 2017, petitioner filed a motion to stay his amended habeas petition to permit him to properly exhaust his due process claim in the California Supreme Court. ECF No. 35 at 1-3 (citing Rhines v. Weber, 544 U.S. 269 (1995)). In the motion, petitioner argues that he presented his claims to the state courts, however inartfully, but that they failed to rule on his request for relief. Petitioner also explained that he was diligently pursuing relief "at every stage from initial CDCR-602 appeal, [to] every level of state courts thru [sic] to this Honorable Federal District Court." ECF No. 35 at 3. As an exhibit filed in support of his motion for a stay and abeyance, petitioner attached a copy of a habeas corpus petition filed in the California Supreme Court on December 17, 2017. ECF No. 37. In this state habeas application, petitioner argues that his "due process, equal protection and fundamental rights" were violated during his 2014 prison disciplinary hearing. ECF No. 37 at 9-10, 13.

In its opposition to the motion for a stay, respondent asserts that petitioner failed to demonstrate good cause for a stay and abeyance. ECF No. 38. Respondent further contends that petitioner's pro se status and lack of legal training, which are common circumstances among prisoners, are not sufficient legal cause to justify a stay. ECF No. 38 at 2-3.

### IV. Legal Analysis

As a preliminary matter, the court must first decide whether petitioner's first amended § 2254 petition is wholly unexhausted since petitioner argues that he fairly presented all of his claims to the state court prior to filing his federal petition. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The prisoner must "fairly present" both the operative facts and the federal legal theory supporting his federal claim to the state's highest court, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas

3

corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

After reviewing petitioner's state habeas corpus petitions filed in the California Supreme Court, the undersigned concludes that they failed to fairly present any federal due process or Eighth Amendment challenge to his disciplinary conviction. In his first attempt at exhaustion, petitioner alleged that his disciplinary conviction was "an abuse of power" and that his property was confiscated "in retaliation" for getting caught hoarding pills. See ECF No. 18 at 27-28 (California Supreme Court habeas petition filed June 1, 2015). Petitioner's most recent state habeas petition filed in the California Supreme Court also failed to properly exhaust his claims for relief. In his December 2017 state habeas application, petitioner alleged that his "due process, equal protection and fundamental rights" were violated during his 2014 prison disciplinary hearing. This formulaic incantation of "due process" does not put the state court on notice of a federal constitutional challenge so as to fairly present and properly exhaust any claim for relief. See Arrendondo v. Neven, 763 F.3d 1122 (9th Cir. 2014) (holding that appellant had failed to exhaust his federal compulsory-process claim when his "brief before the Nevada Supreme Court focused exclusively on state law…"); Casey v. Moore, 386 F.3d 896, 913 (9th Cir. 2004) (failing to be persuaded that "a vague appeal, bolstered only by state law cases that focused on state procedural or state constitutional error, can be said to have fairly presented federal constitutional issues."); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)(finding that "[i]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court"). As a result, the first amended § 2254 petition is wholly unexhausted.

The court may stay a petition and hold it in abeyance pursuant to Rhines only if (1) petitioner demonstrates good cause for the failure to have previously exhausted the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. See also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016) (extending the Rhines stay and abeyance procedure to federal habeas petitions that are wholly unexhausted). Applying this standard to the case at bar, the undersigned finds that petitioner has failed to

establish good cause for his failure to exhaust his claims in state court.  While petitioner filed two separate habeas corpus petitions in the California Supreme Court challenging his disciplinary conviction, neither of these petitions fairly presented the federal nature of his claims so as to properly exhaust them in state court.  Petitioner's explanation based on his pro se status and lack of legal training are not persuasive to the court for two reasons.  First and foremost, petitioner's level of legal understanding is sophisticated enough to properly file a series of administrative as well as state legal challenges to his disciplinary conviction.  Petitioner simply relied on state law as the basis for these legal challenges in state court.  That decision does not establish good cause for his failure to exhaust the federal claims.  See Blake v. Baker, 745 F.3d 977 (9th Cir. 2014) (emphasizing that "[w]hile a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will.").  Here petitioner has made a bald assertion of good cause that is not supported by the record evidence demonstrating a fair amount of legal sophistication.  Accordingly, petitioner has failed to demonstrate good cause for his failure to exhaust.

Moreover, accepting this basis as cause for petitioner's failure to exhaust would let the exception swallow the rule and encourage seriatim, repetitive filings in state court just as petitioner has done.  The Supreme Court has explained that in order to promote AEDPA's twin goals of encouraging the finality of state judgments and reducing delays in federal habeas review, "stay and abeyance should be available only in limited circumstances."  Rhines, 544 U.S. at 277.  This is not the "limited circumstances" envisioned by the Supreme Court for the reasons explained above.  See Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (refusing to interpret "good cause" in a manner that would render stay and abeyance orders "routine").  Accordingly, the undersigned recommends denying petitioner's motion for a stay based on lack of good cause shown.[5]

---

[5] Based on petitioner's failure to meet the first prong of the Rhines standard, the court finds it unnecessary to determine whether the unexhausted claims are potentially meritorious and whether petitioner has been diligent in pursuing relief.  Compare Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (finding it unnecessary to reach the last two factors in the Rhines test where the district court did not abuse its discretion in concluding that appellant lacked good cause for his failure to exhaust).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for a court order granting him habeas relief, ECF No. 30, is denied without prejudice as premature.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 29) be granted;
2. Petitioner's motion for a stay be denied; and,
3. Petitioner's first amended § 2254 petition be dismissed without prejudice for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issue(s). Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 8, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/vaug2384.mtdmotion2stay.docx